UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRONWORKERS LOCAL 340 HEALTH
CARE FUND, et al.,

    Plaintiffs,

v.

ACE STEEL ERECTION, INC.,

    Defendant.
                                 /

File No.  1:06-CV-482

HON. ROBERT HOLMES BELL

**OPINION**

This matter comes before the Court on a motion for summary judgment filed by Plaintiffs Ironworkers Local 340 and its Health Care Fund, Retirement Income Plan, Training Fund, and Supplemental Retirement Income Fund ("the Funds").  For the reasons that follow the motion will be granted.

**I.**

Defendant Ace Steel Erection, Inc., is a contractor and an employer of ironworkers. Defendant has been a party to a collective bargaining agreement ("CBA") with Plaintiff Ironworkers Local 340 ("the Union") since 1992.  (Hawley Aff. ¶ 3.)  The CBA requires Defendant to make fringe benefit contributions to the Funds, to deposit savings, and to deduct and forward dues, IPAL, special assessments and building fund assessments to the Union for all hours worked by employees covered by the CBA.  (Hawley Aff. ¶ 3 & Ex. A,

Master Agr't, Arts. 6, 9.) The CBA also provides that in the event the employer fails to make proper contributions, the employer agrees to accept financial responsibility for the cost of the audit, any penalties, and the cost of collection, including attorneys fees. (Master Agr't, Art. 9.)

Defendant has been untimely in making the required payments to the Union and Funds since 1999. On January 20, 2006, Plaintiffs entered into an Agreement with Defendant to address Defendant's failure to make all required contributions to the Funds and its failure to forward dues and other assessments to the Union. The Agreement provided that as long as Defendant made specified scheduled payments toward its delinquencies and timely submitted its monthly contributions, dues and assessments, the Trustees would hold in abeyance any assessment of collection fees and/or interest on the delinquencies. (Hawley Aff. Ex. B.) The Agreement further provided that if Defendant failed to meet its obligations under the Agreement and failed to cure the delinquency within 15 days of the date payment is due, "the Trustees of the fringe benefits funds and Ironworkers Local 340 may pursue their legal remedies to collect what is then due."  (Hawley Aff. ¶ 4 & Ex. B.)

As of mid-2006 Defendant failed to meet its obligations under the Agreement. (Hawley Aff. ¶ 5.) Plaintiffs accordingly filed this action on July 13, 2006, pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and section 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1).

Plaintiffs filed a motion for summary judgment on April 25, 2007, seeking a judgment for the amount due under the contract, i.e., payment of all fringe benefits, all deductions owed to the Union, all late/cost of collection fees, interest, and the costs of this litigation, including attorneys fees.

By order dated May 14, 2007, the Court granted defense counsel's motion to withdraw and notified Defendant that it had until June 29, 2007, to secure new counsel and to file a response to the pending summary judgment motion. (Docket # 22.) The Court specifically advised Defendant that if no response was filed by that date, the Court would resolve the motion without the benefit of a response. To date Defendant has not filed a response to Plaintiffs' motion for summary judgment. Accordingly, the Court will resolve the motion on the pleadings of record, without the benefit of a response from Defendant.

## II.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the moving party carries its burden of showing there is an absence of evidence to support a claim then the non-moving party must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

### III.

The Funds are multi-employer plans within the meaning of ERISA, 29 U.S.C. § 1145. (Docket # 11, Jt. Status Rpt. ¶ 1.) Under ERISA, any employer that is required to make contributions to a multi-employer plan must make such contributions according to the terms of the plan. 29 U.S.C. § 1145.[1] ERISA authorizes the trustee of a plan to enforce § 1145 by bringing suit for any unpaid contributions. 29 U.S.C. § 1132(d).

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, authorizes a union to bring suit for violations of contracts between an employer and a labor organization in federal district court. Section 301 not only gives federal courts jurisdiction over labor

---

[1]The statute provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

organizations, but also authorizes federal courts to enforce collective bargaining agreements. *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 455-56 (1957).

The evidence of record, as recited in Section I above, is unrebutted. The evidence establishes that through the CBA Defendant has agreed, on behalf of its ironworker employees, to make contributions to the Funds, to deposit savings, and to forward to Plaintiff Union deductions for dues, IPAL, special assessments and the building fund. The evidence establishes that Defendant has failed to make the required payments to the Union and the Funds in a timely manner. The unrebutted facts establish that Defendant has violated the terms of the CBA and its obligations under ERISA. Plaintiffs are accordingly entitled to judgment as a matter of law.

Under the terms of the CBA, where, as here, Defendant has not made payments in a timely manner, Defendant is required to pay not only the shortfall, but also the cost of any audit, together with penalties, and the costs of collection, including attorneys fees. Similarly, ERISA provides that in an action to enforce the provisions of 29 U.S.C. § 1145, the court shall award unpaid contributions, interest, and reasonable attorneys fees and costs. 29 U.S.C. § 1132(g)(2).

The 2005 Payroll Audit reveals that Defendant owes $98,848.61 to the Union and the Funds. (Coppock Aff., Ex. BB.) Based upon the hours of work reported by Defendant, Defendant still owes $19,932.71 for dues, IPAL, special assessments, and the building fund based on hours worked for the period of August 2005 to November 2005. (Coppock Aff. Ex.

5

AA(1).)  Defendant owes late fees/cost of collection charges for payments made late for the period of January 1999 to December 2006, in the total amount of $73,180.90.  (Coppock Aff. Ex. AA(2).)  Defendant owes attorneys fees and costs in the amount of $9,396.60 through March 2007.  Defendant also owes undetermined additional amounts for contributions outstanding to the Funds for March 2007; deductions owed to the Union for March 2007; savings deposits due to employees for March 2007; and attorneys fees subsequent to March 2007.

Based upon the evidence of record Plaintiffs are entitled to a judgment in the amount of $201,358.82.  Plaintiffs may also be entitled to additional amounts owing for March and attorneys fees for April.  However, because the Court has no evidence to support these requests, these amounts cannot be included in a judgment.  The Court will accordingly grant Plaintiffs 14 days from the date of this opinion and order to supplement the record with evidence of the additional amounts that should be added to the judgment, or to advise the Court if they prefer to accept a judgment in the amount of $201,358.82.

An order consistent with this opinion will be entered.

Date:    September 10, 2007              /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT JUDGE